DECISION AND JUDGMENT ENTRY
{¶ 1} Craig E. Wright appeals from his two aggravated arson convictions and sentences in the Ross County Common Pleas Court. On appeal, Wright contends that his convictions are against the manifest weight of the evidence. Because substantial evidence supports the jury's guilty verdicts, we disagree. Wright next contends that his trial counsel was ineffective for failing to object to hearsay statements and that the trial court committed plain error by admitting the statements. Because Wright was not prejudiced and because a manifest miscarriage of justice did not occur, we disagree. Wright next contends that the trial court erred when it allowed the jury to hear evidence of a prior conviction. Because Evid.R. 404(B) allows a court to admit "bad act" evidence for the *Page 2 
purpose of showing motive, we disagree. Accordingly, we overrule Wright's four assignments of error and affirm the judgment of the trial court.
 I. {¶ 2} A Ross County Grand Jury indicted Wright on two counts of aggravated arson, a felony of the second degree, in violation of R.C.2909.02(A). Wright pled not guilty and the matter proceeded to a jury trial.
 A. The State's Version of Facts At Trial {¶ 3} Wright threw rocks at night into and through Lisa Hunt's window. Lisa was Wright's girlfriend. He spent the night in jail and was released the next day. He then phoned Lisa who informed him that their relationship was over.
 {¶ 4} Wright then went to a local gas station and bought $2.00 worth of gasoline. He told the attendant that he purchased the gas to "solve a problem."
 {¶ 5} Later that evening, Lisa's next door neighbor observed Wright walk from the alley into Lisa's yard and approach the rear of the house. About 5-10 minutes later, he saw Wright leave, carrying what appeared to be a small squeeze bottle. Shortly thereafter, he observed a fire at Lisa's back door.
 {¶ 6} Arson investigators determined that someone used gasoline to set the fire. Officers found Wright nearby talking to onlookers. They mirandized and questioned him but did not arrest him.
 {¶ 7} Lisa was not home at the time of the fire. She returned home after the fire for a short while before leaving that same evening with two friends. All three saw Wright in the shadows of Lisa's home as they left. Moments later, neighbors *Page 3 
saw Wright enter Lisa's home through the back door and quickly exit. They then saw the house ablaze for the second time that night.
 {¶ 8} It took firefighters awhile before they could control and extinguish the second fire. During the fire, someone threw rocks and bricks at the firefighters. An officer staked out the area from a nearby alley. Eventually, he saw Wright approaching. When Wright saw the officer, he changed directions and knocked on someone's front door. He told the officer that he was visiting a friend. The officer called the occupant who did not know Wright as a friend. The officer arrested Wright for disorderly intoxication and confiscated his clothes, which tested positive for gasoline.
 {¶ 9} Arson investigators concluded that the second fire was separate from the first fire. They found that someone again used an accelerant to start the fire. They concluded that the fire started between the living room and hallway.
 B. Defendant's Version of Facts at Trial {¶ 10} Wright did not testify or call any witnesses. Through cross-examination, he attempted to show that he was an innocent bystander. The state's witnesses differed in their testimony regarding the clothes Wright wore that night.
 C. {¶ 11} After hearing the above testimony, the jury returned guilty verdicts to both counts of aggravated arson. The court accepted the jury's verdicts and sentenced Wright accordingly. *Page 4 
 {¶ 12} Wright appeals his convictions and asserts the following four assignments of error: I. "APPELLANT'S CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE." II. "THE TRIAL COURT COMMITTED PLAIN ERROR BY FAILING TO EXCLUDE INADMISSIBLE HEARSAY DEPRIVING APPELLANT OF HIS RIGHT TO DUE PROCESS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND UNDER SECTION 16, ARTICLE I, OF THE OHIO CONSTITUTION." III. "TRIAL COUNSEL'S FAILURE TO OBJECT TO REPEATED INCIDENTS OF INADMISSIBLE HEARSAYH DEPRIVED APPELLANT OF HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL." And, IV. "THE TRIAL COURT COMMITTED PLAIN ERROR BY FAILING TO EXCLUDE APPELLANT'S PRIOR MISDEMEANOR CONVICTION DEPRIVING APPELLANT OF THIS RIGHT TO DUE PROCESS UNDER THEFIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND UNDER SECITON 16, ARTICLE I, OF THE OHIO CONSTITUTION."
 II. {¶ 13} In his first assignment of error, Wright contends that the jury's verdicts are against the manifest weight of the evidence.
 {¶ 14} In determining whether a criminal conviction is against the manifest weight of the evidence, we must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction *Page 5 
must be reversed and a new trial granted. State v. Garrow (1995),103 Ohio App.3d 368, 370-371. "A reviewing court will not reverse a conviction where there is substantial evidence upon which the court could reasonably conclude that all the elements of an offense have been proven beyond a reasonable doubt." State v. Eskridge (1988),38 Ohio St.3d 56, paragraph two of the syllabus.
 {¶ 15} The trier of fact is free to believe or disbelieve a witness's testimony in whole or in part. State v. Wagner (Feb. 29, 2000), Pickaway App. No. 99CCA23, citing Swanson v. Swanson (1976), 48 Ohio App.2d 85,97. Whether the evidence supporting a defendant's conviction is direct or circumstantial does not bear on our determination. "Circumstantial evidence and direct evidence inherently possess the same probative value and therefore should be subjected to the same standard of proof."State v. Jenks (1991), 61 Ohio St.3d 259, paragraph one of the syllabus (superseded by state constitutional amendment on other grounds).
 {¶ 16} R.C. 2909.02(A)(2) states: "No person, by means of fire or explosion, shall knowingly * * * [c]ause physical harm to any occupied structure[.]"
 {¶ 17} The crux of Wright's contention is that the jury convicted him for just being around the scene of the crimes.
 {¶ 18} Here, the jury heard the state's version of the facts from various witnesses. Wright presented his version through cross-examination of the same witnesses. The jury believed the state's version. The jury, as the trier of fact, is free to believe or disbelieve a witness's testimony in whole or in part. We cannot *Page 6 
say, in resolving conflicts in the evidence, that the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial granted.
 {¶ 19} The state established that Wright had a motive to commit the crimes, i.e., his girlfriend Lisa broke up with him after he threw rocks through her window. He purchased a small amount of gasoline to solve a problem. A neighbor saw him close to the backdoor within 5-10 minutes of the first fire. Lisa and her friends saw Wright lurking around the house as they left. Neighbors also saw him enter and leave the home just moments before the second fire. Investigators determined that an accelerant was used to start both fires and that the first fire did not cause the second fire. Wright bought an accelerant (gasoline), which was found on the clothing Wright wore the night of the fires. After the fires, an officer saw him approaching the home but changed directions when he saw the officer and knocked on a stranger's door.
 {¶ 20} Therefore, we find substantial evidence upon which the jury could reasonably conclude that all the elements of the two aggravated arsons were proven beyond a reasonable doubt. Consequently, we find that Wright's convictions are not against the manifest weight of the evidence.
 {¶ 21} Accordingly, we overrule Wright's first assignment of error.
 III. {¶ 22} Wright contends in his second assignment of error that the trial court committed plain error by allowing certain hearsay statements into evidence. He *Page 7 
further contends in his third assignment of error that his counsel was ineffective for failing to object to these same hearsay statements.
 A. {¶ 23} In order to reverse a conviction or sentence based upon ineffective assistance of counsel a reviewing court must find: "(a) deficient performance, `errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by theSixth Amendment'; and (b) prejudice, `errors * * * so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'"State v. Ballew (1996), 76 Ohio St.3d 244, 255, citing Strickland v.Washington (1984), 466 U.S. 668, 687. If a court can resolve a claim of ineffective assistance of counsel under only one prong of this two-pronged test, then the court does not have to analyze both prongs. See, e.g., State v. Madrigal (2000), 87 Ohio St.3d 378, 389.
 {¶ 24} With regard to deficient performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland at 689. Furthermore, "the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. The United States Supreme Court has noted that "there can be no such thing as an error-free, perfect trial, and * * * the Constitution does not guarantee such a trial." United States v.Hasting (1983), 461 U.S. 499, 508-509. Additionally, with regard to prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A *Page 8 
reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.
 {¶ 25} Here, a neighbor testified that upon seeing Wright at Lisa's home he said aloud, "He couldn't have done that again this fast." The neighbor's wife testified that she heard her husband say substantially the same thing and commented after seeing the flames, "Oh F, not again." Wright maintains that his trial counsel should have objected to these statements on hearsay grounds. He appears to assert that the "again" language allowed the jury to improperly conclude that he set two separate fires.
 {¶ 26} Even if we assume that Wright's counsel's performance was deficient under the first prong of the Strickland test, we find that Wright has not shown that he was prejudiced as required by the second prong of the same test. Other evidence supports the conclusion that Wright set two fires. A witness saw Wright near the back door of Lisa's home before the first fire. Neighbors saw Wright enter and leave Lisa's home just before the second fire. An arson investigator concluded that the first fire was not the cause of the second.
 {¶ 27} Therefore, we find that Wright's trial counsel was not ineffective by not objecting to the alleged hearsay statements.
 B. {¶ 28} We now undertake a plain error analysis regarding the alleged hearsay statements coming into evidence.
 {¶ 29} Pursuant to Crim.R. 52(B), we may notice plain errors or defects affecting substantial rights, although a defendant did not bring them to the *Page 9 
attention of the trial court. A reviewing court should use its discretion under Crim.R. 52(B) to notice plain error "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." State v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus.
 {¶ 30} Here, we do not find that a manifest miscarriage of justice occurred. Other substantial evidence, as outlined above, supported both of the aggravated arson convictions. Stated differently, the outcome of the trial would not have been different.
 {¶ 31} Therefore, we find that plain error did not occur.
 {¶ 32} Accordingly, we overrule Wright's second and third assignments of error.
 IV. {¶ 33} Wright contends in his fourth and final assignment of error that the trial court erred when it admitted, over his objection, evidence of his prior misdemeanor conviction for throwing a rock or rocks through Lisa's window. In essence, he claims that such evidence is evidence of a prior bad act, which does not prove any element of aggravated arson.
 {¶ 34} "A trial court has broad discretion in the admission or exclusion of evidence, and so long as such discretion is exercised in line with the rules of procedure and evidence, its judgment will not be reversed absent a clear showing of an abuse of discretion with attendant material prejudice to defendant." State v. Dunham, Scioto App. No. 04CA2931, 2005-Ohio-3642, ¶ 28, citing Rigby v. Lake Cty. (1991),58 Ohio St.3d 269, 271; State v. Hymore (1967), *Page 10 9 Ohio St.2d 122, certiorari denied (1968), 390 U.S. 1024. "A finding that a trial court abused its discretion implies that the court acted unreasonably, arbitrarily or unconscionably." Dunham at ¶ 28, citingBlakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. "When applying the abuse of discretion standard, a reviewing court may not substitute its judgment for that of the trial court." Dunham at ¶ 28, citing Berk v.Matthews (1990), 53 Ohio St.3d 161, 169.
 {¶ 35} Evid.R. 404(B) states that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith." However, such evidence "may * * * be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Id. "Thus, while evidence of other crimes, wrongs or acts committed by the accused is not admissible to show that the accused has a propensity to commit crimes, it may be relevant to show: motive, intent, the absence of a mistake or accident, or a scheme, plan, or system in committing the act in question." Dunham at ¶ 29, citing State v. Broom (1988), 40 Ohio St.3d 277, paragraph one of the syllabus. Thus, "[w]hen other acts evidence is relevant for one of those limited purposes, the court may properly admit it, even though the evidence may show or tend to show the commission of another crime by the accused." Dunham at ¶ 29, citing R.C. 2945.59.
 {¶ 36} Here, the state introduced the evidence to show the motive for the alleged crimes. The motive was that Wright was upset with Lisa. Therefore, pursuant to Evid.R. 404(B), this evidence was relevant to show motive. *Page 11 
 {¶ 37} Wright hints that even if this evidence is relevant, the trial court erred. He claims that Evid.R. 403 required the trial court to exclude it because the danger of unfair prejudice to him substantially outweighed its probative value.
 {¶ 38} Evid.R. 403(A) states, "Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice[.]"
 {¶ 39} State v. Carillo (Oct. 13, 2000), Clark App. No. 00CR0003 involved Evid.R. 404(B) and Evid.R. 403(A) issues. In Carillo, the state sought to introduce evidence that the defendant was a member of a street gang who killed another member over a drug debt owed to the gang. The state presented extrinsic evidence regarding the gang, its drug activities, and the involvement of both the defendant and the victim. Id. The defendant sought to exclude this evidence on the grounds that such evidence of prior bad acts was specifically precluded by Evid.R. 404(B) and that the probative value of such evidence was outweighed by its highly prejudicial effect under Evid.R. 403(A). Id. The Second District Court of Appeals disagreed, holding that "[s]uch evidence was admissible to prove [defendant's] * * * motive for murdering * * * "the victim." Id. Further, the court held that "[t]he evidence at issue* * *was probative of those matters [regarding motive and the circumstances of the relationship between the defendant and victim], and that probative value was not substantially outweighed by the danger of unfair prejudice." Id., citing State v. Bobo (1989), 65 Ohio App.3d 685. *Page 12 
 {¶ 40} Here, the evidence showed that Wright lived with Lisa but they got into a big argument. Wright was so upset that he threw rocks at and through Lisa's window. This incident occurred just the day before the fires. We find these facts similar to the facts in Carillo. Hence, we find the prior bad act testimony relevant to show motive and the probative value of such evidence outweighs any prejudice to Wright. Therefore, we find that the trial court did not abuse its discretion in allowing this testimony into evidence.
 {¶ 41} Accordingly, we overrule Wright's fourth assignment of error and affirm the judgment of the trial court.
 JUDGMENT AFFIRMED. *Page 13 
 JUDGMENT ENTRY
It is ordered that this JUDGMENT BE AFFIRMED and that Appellant pay the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Court of Common Pleas to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. The stay as herein continued will terminate in any event at the expiration of the sixty day period.
The stay shall terminate earlier if the appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec.2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure. Exceptions.
Harsha, J.: Concurs in Judgment and Opinion as to Assignments of Error I and IV; Concurs in Judgment Only as to Assignments of Error II and III.
 McFarland, J.: Concurs in Judgment Only. *Page 1